

Rozario
Touma P.C.

ATTORNEYS AT LAW

55 Broadway, 20th Floor
New York, New York 10006
212.381.2770 | 718.859.2345 fax
www.rozariolaw.com

February 25, 2021

*Via ECF/CM*

Honorable Magistrate Judge Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:     **Diane Franklin v. NYCT-MTA**
        **Case No. 18-cv-06436-JGK-OTW**

Dear Judge Wang:

Pursuant to this Court's order, dated December 1, 2020, discovery in the captioned matter must be completed by March 12, 2021.

In light of this deadline and pursuant to Local Rule 37.2, Defendant now requests a conference on a discovery dispute between the Parties herein with respect to Plaintiff's Responses to Defendant's Notice to Admit and to Defendant's Post-Examination Before Trial Demands (hereinafter together referred to as "Defendant's Demands").

Plaintiff was deposed on December 17, 2020, via, Zoom video conference.  On December 28, 2020, Defendant served a copy of Defendant's Demands on Plaintiff.

On January 26, 2021, Plaintiff served on Defendant, a copy of Plaintiff's Responses to Defendant's Demands.  However, by Letter, dated January 27, 2021, Defendant rejected Plaintiff's Responses on the ground that the objections raised by Plaintiff in her responses lack specificity as required by Rule 34(b)(2)(C) of the Federal Rules of Civil Procedure.

With the deadline for the end of discovery looming, on February 24, 2021, Defendant emailed a written correspondence to counsel for Plaintiff, requesting further responses to Defendant's Demands.  Plaintiff responded in email, dated February 24, 2021, that "the plaintiff will not... be amending her responses to the interrogatories and the other discovery devices mentioned in your letter."

Defendant now respectfully requests a conference with the Court in order to facilitate a resolution to this discovery dispute.

Specifically, and amongst other items of dispute,  Defendant rejected Plaintiff's Responses to Paragraph (1) of the Notice to Admit in which Defendant requested the following:

> That Plaintiff did not at any time file a complaint with the New York State Division of Human Rights against NYCTA in which Plaintiff claimed and/or checked a box to indicate in paragraph 8 of the employment complaint form, that NYCTA discriminated against Plaintiff on the basis of her sex by denying her a promotion and/or pay raise.

Plaintiff's response was as follows:

> Objection: vague.  This request makes reference to a document that is not before the plaintiff that makes an internal reference to an item that to the best of Plaintiff's knowledge does not exist.

However, by Paragraph (1) of Defendant's Post Examination Before Trial Demands requested the following:

> A copy of any Complaint filed by Plaintiff with the New York State Division of Human Rights against NYCTA in which Plaintiff claimed and/or checked a box to indicate in paragraph 8 of the employment complaint form, that NYCTA discriminated against Plaintiff on the basis of her sex by denying her a promotion and/or pay raise.

Plaintiff's response to this demand was as follows:

> Objection: vague.  The plaintiff, however, without waving the foregoing objection, any document that may be responsive to this request may be found in the plaintiff's document production previously submitted to Defendant that is stamped with Bates Numbers DF_207 throughDF_220.

Rule 34(b)(2)(C) of the Federal Rules of Civil Procedure provides that an objection must state whether any responsive materials are being withheld on the basis of that objection.  In this case, Plaintiff's responses to both questions regarding the same issue is not only contradictory but also is violative of Rule 34(b)(2)(C) because Plaintiff has not stated whether the document in fact exists and is being withheld on the grounds of that objection.

*[handwritten annotation in right margin: RFA deemed admitted /OTW 3/5/2021]*

Defendant now therefore requests a conference regarding Plaintiff's Responses to Defendant's Notice to Admit and to Defendant's Post-Examination Before Trial Demands.

denied as moot /OTW  3/5/2021

Very truly yours,

**ROZARIO TOUMA, P.C.**

/**s**/ Michele P. Rannie

By: Michele P. Rannie
     Senior Counsel

c.c.     *Via ECF/CM*
         Mr. Locksley O. Wade, Esq.
         *Attorney for Plaintiff*

3