```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/03/2021
```

Rozario Touma P.C.
ATTORNEYS AT LAW

www.rozariolaw.com

August 3, 2021

*Via: ECF*

The Honorable Judge John G. Koeltl
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 14A
New York, New York 10007-1312

> The Court will take this letter as a response to the motion to strike. If any further briefing is needed on that motion, the Court will advise the parties. SO ORDERED.
> JGKoeltl
> 8/3/21  U.S.D.J.

Re: **Diane Franklin v. NYCT-MTA**
**Case No.: 18-cv-6436-JGK-OTW**

Dear Judge Koeltl:

On August 1, 2021, counsel for Plaintiff filed a Motion to Strike Defendant's Response to Plaintiff's Counter Statement of Facts as well as Exhibit 'K' which is attached to the Declaration in further support of Defendant's Motion for Summary Judgment. See Dkt. Nos. 88, 89.

For the following reasons, Plaintiff's Motion to Strike is frivolous and would embroil the Court and Parties in unnecessary litigation as well as cause delay to the matters currently before this Court, that is, Defendant's Motion for Summary Judgment filed herein on July 5, 2021. Defendant respectfully requests that this Court directs Plaintiff to withdraw the Motion to Strike. See Dkt. Nos. 79, 80, 81, 82.

Plaintiff filed a Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment as well as a Rule 56.1 Statement on July 22, 2021. See Dkt. Nos. 83, 84. Without submitting any documentary evidence whatsoever to support the allegations contained in Plaintiff's Rule 56.1 Statement, Plaintiff challenged amongst other things, the completeness of the first Complaint filed by Plaintiff herself with the New York State Division of Human Rights (hereinafter "NYSDHR").

Plaintiff's Rule 56.1 Statement is deficient on its face because it is in violation of Local Rule 56.1(d) since it draws conclusions without supporting those conclusions with documentary evidence. It was therefore necessary for Defendant's rebuttal to attach the first Complaint filed with NYSDHR with the attachments submitted as Exhibit 'K' to the Declaration in Further Support. Submitting the complete Complaint, clarifies the issues presented before this Court.

Plaintiff cannot now be allowed to embroil this Court in unnecessary litigation because counsel failed to support the Local Rule 56.1 Responses with documentary evidence in violation of Local Rule 56.1(d).

In addition, the entirety of Plaintiff's first Complaint to the NYSDHR was produced to Plaintiff during the course of discovery but the attachments were not included in sequential order. The entire complaint was produced to Plaintiff and Bates Stamped TA-000247 to TA-000250, TA-000043 to TA-000045, TA-000046 to TA-000050, TA-000054 to TA-000055 and TA-000148. Thus, Plaintiff is not prejudiced by the later attachment of the entire Complaint to the Declaration in Further Support of Defendant's Motion for Summary Judgment. See Dkt No. 85.1.

Altogether, Defendant produced five (5) sets of documents to Plaintiff during the course of discovery, with a total of one thousand, one hundred and thirty one (1,131) pages. The separation of the attachments from the main document of the first Complaint filed with the NYSDHR is harmless error that Plaintiff herself can refute or support since this is the complaint that Plaintiff herself has filed with NYSDHR. There is therefore no prejudice caused to Plaintiff whatsoever because there can be absolutely no element of surprise to Plaintiff because this is her Complaint.

Counsel for Plaintiff has erroneously argued in the Memorandum of Law in support of Plaintiff's Motion to Strike that this Court has not ruled on whether a reply Rule 56.1 statement is proper. This Court in Vitale v. Equinox Holdings, Inc. 17-cv-1810 (S.D.N.Y 2019) has held, and Your Honor has opined, that the plaintiff's argument that a reply Rule 56.1 statement is improper is "entirely unpersuasive" and that it is "common practice in this District to allow such statements to be filed." Id. at 13.

In Peters v. Molloy College of Rockville Centre, CV 07-2553 (E.D.N.Y. 2010), the Court dismissed the motion to strike and held that whether to grant or deny a motion to strike is vested in the trial court's sound discretion. Id. at 3 (citing Pharmacy, Inc. v. Am. Pharm. Partners, Inc.), No. 05-776, 2007 WL 2728898, at *1 (E.D.N.Y. Sept. 14, 2007). The Court further held that a Court will "strike only those portions that are improper." Id.

In the case at bar, there is no portion of Defendant's Responses to Plaintiff's Rule 56.1 Statement or the attachment Exhibit 'K' that is improper. The attachments to the Complaint were produced to Plaintiff out of sequence, but since this is Plaintiff's own Complaint, there can be no prejudice caused to Plaintiff and this Court has ruled on the permissibility of reply Rule 56.1 Statements. See Vitale, supra.

Finally, the arguments made in support of Defendant's Reply are in direct response to the deficiencies of Plaintiff's Opposition Memorandum and Plaintiff's Rule 56.1 Statement and are entirely proper.

We respectfully request that counsel for Plaintiff be directed to withdraw the Motion to Strike as frivolous and a waste of the Court's time and resources.

Very truly yours,

**ROZARIO TOUMA, P.C.**

/s/ Michele P. Rannie

By:   Michele P. Rannie
Senior Counsel
55 Broadway, 20th Floor
New York, New York 10006
Tel: (212) 301-2770
Email: mrannie@rozariolaw.com
Fax: (718) 859-2345