UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

DIANE FRANKLIN,
                          Plaintiff,

          - against -                              18-cv-6436 (JGK)

NEW YORK CITY TRANSIT AUTHORITY—
METROPOLITAN TRANSPORTATION
AUTHORITY,                                         MEMORANDUM OPINION AND
                          Defendant.              ORDER


_____

JOHN G. KOELTL, District Judge:

     The plaintiff, Diane Franklin, brought this action against

her employer, the New York City Transit Authority—Metropolitan

Transportation Authority ("NYCTA") pursuant to Title VII of the

Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et

seq. The plaintiff makes two claims arising out of two alleged

non-promotions: (1) discrimination on the basis of gender, and

(2) retaliation.

     The defendant moves for summary judgment pursuant to Rule

56 of the Federal Rules of Civil Procedure. For the following

reasons, the defendant's motion is **granted.**

1

I.

The following facts are taken from the evidence submitted to the Court and are construed in the light most favorable to the plaintiff.

In June 2013, Diane Franklin began working for the NYCTA as a Track Worker. ECF No. 82 ¶ 7. Towards the end of 2015, she was promoted to a Track Worker/Dual-Rate Clipper. Id. ¶ 8. That same year, she began working under Superintendent Edwin Martinez. Id. ¶ 10.

On July 3, 2017, Ms. Franklin filed her first verified complaint with the New York State Department of Human Rights ("NYSDHR"), which was dual filed with the Equal Employment Opportunity Commission ("EEOC") (the "first EEOC charge"). Id. ¶ 14. Her complaint alleged unlawful discrimination on the basis of age and sex, and retaliation for having previously filed internal incident reports with the NYCTA. Id. ¶ 15; ECF No. 80 Ex. F at 6. In particular, Ms. Franklin claimed that her supervisor, Mike Barnett, and Superintendent Martinez had harassed or intimidated her, denied her overtime benefits, sexually harassed or intimidated her, given her different or worse duties than other workers, and suspended her. Id. Missing from her charge, however, was any claim that the alleged discrimination or retaliation that she faced had resulted in her being denied a promotion. ECF No. 85 Ex. K. She did not check

2

the box on the form for "denied me a promotion/pay raise," and
she described no facts tending to support such a claim in her
description of the alleged events, which generally pertained to
her superiors' alleged sexist demeanors and comments towards
her. Id.

On November 10, 2017, while the NYSDHR was investigating
this first charge, Ms. Franklin applied to be promoted to a
Provisional Maintenance Supervisor (Track) ("PMST"). ECF No. 82
¶ 18. The advertisement for the job noted that applicants were
required to have served as a Track Worker for at least one year,
id. ¶ 19; ECF No. 80 Ex. G at 6, and that selection was based on
an "acceptable and approved work history assessment," id.
Seniority was not listed as a factor for consideration. See id.
Ms. Franklin was not selected for this job, for which there were
74 vacancies, id., but she does not recall when she received
notice of this denial, ECF No. 82 ¶ 33. She claims that a male
with less seniority than she had received one of these
promotions. ECF No. 83, at 8.

On January 3, 2018, the NYSDHR issued a No-Probable Cause
finding with respect to Ms. Franklin's first charge and
dismissed the complaint. ECF No. 82 ¶ 23. On April 16, 2018, the
EEOC did the same and informed Ms. Franklin of her right to sue
within 90 days. Id. ¶ 24.

3

On July 16, 2018, within 90 days of her receipt of the EEOC letter, Ms. Franklin brought this action pro se against the NYCTA. ECF No. 2. Her first complaint before this Court alleged retaliation and harassment or the creation of a hostile work environment. Id. As with Ms. Franklin's first administrative charge with the NYSDHR, her federal complaint lacked any mention of a failure to promote. Id.

Several days later, on July 30, Ms. Franklin filed a second charge with the NYSDHR and the EEOC (the "second EEOC charge"), claiming discrimination based on age and perceived disability. ECF No. 80 Ex. F at 16-19. This second charge alleged that Superintendent Martinez and Albert Saladini, one of her co-workers, had harassed or intimidated her, sexually harassed or intimidated her, suspended her, and given her a disciplinary notice or negative performance review. Id. But, as with the first NYSDHR charge, Ms. Franklin did not allege that she had been denied a promotion: she did not check this box or state facts supporting such a claim. Id. The second administrative charge has since been dismissed by the NYSDHR. ECF No. 82 ¶ 34.

On September 19, 2018, while this litigation was ongoing, Ms. Franklin applied for a different promotion — a Provisional Power Distribution Maintainer ("PPDM") role. Id. ¶ 29. Like the PMST position, this promotion required that candidates have at least one year of work experience as a Track Worker or in a

4

related position. ECF No. 80 Ex. F at 21. It also did not consider seniority as a factor. Id.

Ms. Franklin does not recall when she learned that she was denied this second promotion, but the Departmental Evaluation and Recommendation Form in connection with this application was completed on October 8, 2018. ECF No. 80 Ex. F at 23-25. Notably, this Form referenced a November 2017 incident involving Ms. Franklin and another employee in which the NYCTA found Ms. Franklin to have committed "gross misconduct" in violation of the NYCTA's Respectful Workplace Policy and Discriminatory Harassment Policy. ECF No. 80 Ex. F at 23, 31; ECF No. 82 ¶ 31; ECF No. 84 ¶ 31. The Form also noted that Ms. Franklin had taken several sick days in the preceding five years. ECF No. 80 Ex. F at 23-25. While Ms. Franklin claims that a male employee with less seniority than she had received this promotion, ECF No. 80 Ex. A at 96, it appears that there was more than one vacancy, ECF No. 80 Ex. F at 21 (noting "vacancies" in the plural).

On November 12, 2020, counsel for Ms. Franklin entered an appearance in this action. ECF No. 49. On December 1, 2020, Ms. Franklin filed an amended complaint before this Court, asserting two claims for failure to promote: (1) gender discrimination and (2) retaliation for having engaged in a protected activity, presumably in connection with the two complaints with the NYSDHR

5

and EEOC and/or her internal charges with the NYCTA.[1] ECF No. 59.
On July 5, 2021, the NYCTA filed this motion for summary
judgment. ECF No. 79.

## II.

The standard for granting summary judgment is well
established. The Court "shall grant summary judgment if the
movant shows that there is no genuine dispute as to any material
fact and the movant is entitled to judgment as a matter of law."
Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477
U.S. 317, 322-23 (1986); Gallo v. Prudential Residential Servs.,
L.P., 22 F.3d 1219, 1223 (2d Cir. 1994). "[T]he trial court's
task at the summary judgment motion stage of the litigation is
carefully limited to discerning whether there are any genuine
issues of material fact to be tried, not to deciding them. Its
duty, in short, is confined at this point to issue-finding; it
does not extend to issue-resolution." Id. at 1224. The moving
party bears the initial burden of "informing the district court
of the basis for its motion" and identifying the matter or
matters that "it believes demonstrate the absence of a genuine
issue of material fact." Celotex, 477 U.S. at 323. The
substantive law governing the case will identify those facts
which are material, and "[o]nly disputes over facts that might

---

[1] As the defendant points out, the plaintiff does not explicitly state what
the protected activity was that resulted in her being retaliated against.

affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Summary judgment is improper if there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party. See Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 37 (2d Cir. 1994). If the moving party meets its burden, the nonmoving party must produce evidence in the record and "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible." Ying Jing Gan v. City of New York, 996 F.2d 522, 532 (2d Cir. 1993); see also Scotto v. Almenas, 143 F.3d 105, 114–15 (2d Cir. 1998).

**III.**

The defendant moves for summary judgment on three principal bases: (1) the plaintiff's claims are time-barred because the plaintiff failed to show that she filed a charge with the EEOC within 300 days of the alleged discriminatory or retaliatory actions; (2) the plaintiff's claims are not administratively exhausted because she failed to allege the specific violations

of which she now complains in either of her charges before the EEOC; and (3) the plaintiff has failed to establish a prima facie case of discrimination or retaliation in connection with her failure-to-promote claims, and, in any event, the defendant has demonstrated nondiscriminatory reasons for not granting the plaintiff the promotions at issue.[2] These bases are discussed in turn.

### A.

The defendant argues that it is entitled to summary judgment because the plaintiff's claims are time-barred. This argument is unavailing at this stage.

Under Title VII, before bringing a claim in federal court, a New York plaintiff must file a charge with the EEOC within 300 days of the alleged discriminatory action. See 42 U.S.C. § 2000e-5(e); Harris v. City of New York, 186 F.3d 243, 247 (2d Cir. 1999). This statutory requirement effectively acts as a statute of limitations, and Title VII claims are barred by the failure to file a timely charge. See Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 712 (2d Cir. 1996). The statute of limitations begins to run when each discrete discriminatory or retaliatory act occurs. See Nat'l R.R. Passenger v. Morgan, 536 U.S. 101, 113-14 (2002).

---

[2] For ease of reference, the Court refers to charges filed with the NYSDHR that were cross-filed with the EEOC as having been filed with the EEOC only.

In this case, the defendant argues that the plaintiff's claims are time-barred because the plaintiff failed to provide the dates on which she learned that she was not selected for the PMST and PPDM positions. Accordingly, it argues, the plaintiff cannot adequately demonstrate that she filed a timely EEOC charge.[3]

But the defendant's argument mischaracterizes the burden of establishing that claims are timely. "The statute of limitations is an affirmative defense as to which Defendants carry the burden of showing that Plaintiffs failed to plead timely claims." DoubleLine Cap. LP v. Odebrecht Fin., Ltd., 323 F. Supp. 3d 393, 435 (S.D.N.Y. 2018) (emphasis added) (citing Staehr v. Hartford Fin. Servs. Grp., 547 F.3d 406, 425 (2d Cir. 2008)); see also Hardaway v. Hartford Pub. Works Dep't, 879 F.3d 486, 491 (2d Cir. 2018). Highlighting that the plaintiff has failed to plead the specific dates on which the alleged adverse employment actions took place — without more — is insufficient to meet this burden. Accordingly, the defendant has not met its burden of demonstrating the absence of a genuine issue of material fact as to timeliness, and summary judgment on this issue is denied.

---

[3] The plaintiff has not responded to the defendant's argument that the claims are untimely, and therefore the plaintiff could be considered in default. Nonetheless, the Court will analyze the substance of the statute of limitations argument. See Hill v. Citibank Corp., 312 F. Supp. 2d 464, 472 (S.D.N.Y. 2004).

**B.**

While the plaintiff's claims are not barred by the statute of limitations, the defendant is correct that they are barred by Title VII's other procedural requirement. Specifically, the plaintiff failed to exhaust her administrative remedies because she failed to bring either of her failure-to-promote claims before the EEOC.

A plaintiff must first pursue available administrative remedies as a precondition to filing a Title VII claim in federal court. Hardaway, 879 F.3d at 489; see also 42 U.S.C. § 2000e-5(f)(1). "The purpose of this requirement is 'to give the administrative agency the opportunity to investigate, mediate, and take remedial action.'" Lerer v. Spring Valley Fire Dep't, Inc., No. 19-cv-10714, 2021 WL 1425238, at *3 (S.D.N.Y. Apr. 14, 2021) (quoting Stewart v. INS, 762 F.2d 193, 198 (2d Cir. 1985)). Thus, a district court generally cannot hear Title VII claims that were not included in an EEOC charge because "[t]he purpose of the notice provision . . . would be defeated if a complainant could litigate a claim not previously presented to and investigated by the EEOC." Butts v. City of N.Y. Dep't of Housing Pres. and Dev., 990 F.2d 1397, 1401 (2d Cir. 1993), superseded by statute on other grounds, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1072. Administrative exhaustion, like the timeliness bar, is an affirmative defense,

10

and the burden is on the defendant to prove that the plaintiff has failed to exhaust her remedies. Hardaway, 879 F.3d at 491.

The defendant in this case argues — correctly — that the plaintiff's claims are barred because the plaintiff's claims for failure to promote because of gender and retaliation were not included in her allegations filed with the EEOC, and they are not reasonably related to the allegations that were actually included in those charges. In particular, the plaintiff's first claim for failure to promote was not included in the first EEOC charge because it postdated that filing. It was also not included in the second EEOC charge. First, the "denied me promotion/pay raise" box was not checked. "Although merely checking a box or failing to check a box does not necessarily control the scope of the charge . . . the absence of a checkmark weighs against concluding that the plaintiff has alleged discrimination on the basis of the claim designated by that box." Guy v. MTA N.Y.C. Transit, 407 F. Supp. 3d 183, 192 (E.D.N.Y. 2016). Second, and crucially, there were no facts in the plaintiff's description of her alleged discrimination that would indicate that she had been denied a promotion. Cf. Chidume v. Greenburgh-N. Castle Union Free Sch. Dist., No. 18-cv-01790, 2020 WL 2131771, at *3 (S.D.N.Y. May 4, 2020) ("The more critical analysis is whether there is any explanation or description supporting a particular claim."). Indeed, there was

nothing in the charge to "alert the EEOC to the discrimination that [the] plaintiff claims she [had suffered]." Butts, 990 F.2d at 1402. The plaintiff therefore failed to meet the precondition of filing her first non-promotion claim with the EEOC prior to bringing her Title VII claim in federal court.

The plaintiff also failed to file properly her claim regarding the PPDM role with the EEOC. As the defendant argues, the plaintiff's claim could not possibly have been included in either of her EEOC charges, because her application for the position postdated both of those filings. Nor is there any indication that the plaintiff filed a new EEOC charge after being notified that she had been denied from the PPDM role sometime after September 2018. The defendant is therefore correct that the plaintiff failed to file properly an EEOC charge in connection with either the PMST or PPDM roles, and those claims are therefore unexhausted.

In limited circumstances, however, claims not raised in an EEOC complaint nevertheless may be brought in federal court if they are "reasonably related" to the claim filed with the agency. Id. at 1401. A claim is reasonably related when (1) the conduct complained of would fall within the scope of the EEOC investigation that can reasonably be expected to grow out of the charge of discrimination, (2) the claim alleges retaliation for filing the EEOC charge, or (3) the plaintiff alleges further

12

incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge. Id. at 1402-03. The focus should be on the "factual allegations made in the EEOC charge itself, describing the discriminatory conduct about which a plaintiff is grieving." Littlejohn v. City of New York, 795 F.3d 297, 322 (2d Cir. 2015). Ultimately, the central question is whether the complaint filed with the EEOC gave that agency "adequate notice to investigate discrimination on both bases." Id.

In this case, the plaintiff's claims are barred because they are not reasonably related to the claims that she filed with the EEOC under any of the Butts exceptions. The conduct complained of — two instances of failure to promote because of unlawful gender discrimination and/or retaliation — does not fall within the scope of the investigation that can reasonably be expected to grow out of the charges that were filed. The plaintiff's first EEOC charge complained of discrimination on the basis of age and sex and of retaliation, resulting in harassment or intimidation, denial of overtime benefits, sexual harassment or intimidation, the assignment of different or worse duties, and suspension. Her second charge claimed discrimination on the basis of age and perceived disability resulting in harassment or intimidation, sexual harassment or intimidation, the giving of a disciplinary notice or negative performance

review, and suspension. These charges largely concern a hostile work environment; nothing contained in the plaintiff's EEOC charges suggests a failure-to-promote. Even a broad investigation into the plaintiff's claims would not be likely to lead to an investigation into her failure-to-promote claims. See Brown v. Snow, No. 02-cv-7985, 2003 WL 1907974, at *3 (S.D.N.Y. Apr. 17, 2003) (finding that the reasonable relatedness doctrine did not apply because the EEOC charge alleged only the failure to assign certain matters to the plaintiff, and made no mention of a failure to promote); Hunt v. Con Edison Co. N.Y.C., No. 16-cv-0677, 2018 WL 3093970, at *6 (E.D.N.Y. June 22, 2018) (stating that, because the plaintiff failed to include the facts surrounding her failure-to-promote allegations in her EEOC charge, "it is unlikely that the EEOC's scope of investigation would have included Plaintiff's failure to promote claim"). On the whole, the factual allegations made in the administrative complaints cannot be fairly read to encompass the claims ultimately pleaded in this action, and the agency therefore could not have been on notice to investigate the adverse employment acts alleged. See Zoulas v. N.Y.C. Dep't of Educ., 400 F. Supp. 3d 25, 61 (S.D.N.Y. 2019).

The plaintiff's claims do not fare better under the second Butts exception, which concerns retaliation claims. The plaintiff's federal complaint contends that the defendant failed

14

to promote her, at least in part, due to retaliation. But she has alleged no link between the two non-promotions and the filing of either of her EEOC charges. The plaintiff's "vague, conclusory accusations of 'retaliatory conduct' are insufficient to meet the <u>Butts</u> requirement of a specific linkage between filing an EEOC charge and an act of retaliation." See <u>Alfano v. Costello</u>, 294 F.3d 365, 382 (2d Cir. 2002).

Finally, the plaintiff's argument under the third exception fails because the later discrimination must be carried out in "precisely" the same manner alleged in the EEOC complaint to be considered reasonably related. <u>See id.</u> Here, none of the claims in the plaintiff's EEOC charges concerned a failure to promote. This exception is therefore inapplicable.

The plaintiff's unexhausted failure-to-promote claims are therefore not reasonably related to the EEOC charges on any of the three bases listed in <u>Butts</u>. Accordingly, they are procedurally barred, and the defendant is entitled to dismissal of these claims.[4]

---

[4] A dismissal for failure to exhaust administrative remedies is generally a dismissal without prejudice because this defect can be cured. <u>See, e.g.,</u> <u>Robinson v. Front-Line Sec. Inc.</u>, 68 F. App'x 258, 260 (2d Cir. 2003) (summary order). Refiling may well be futile here given that both of the plaintiff's failure-to-promote claims occurred over 300 days ago. Nonetheless, the dismissal for failure to exhaust is without prejudice. <u>Cf.</u> <u>McCray v. Project Renewal, Inc.</u>, No. 15-cv-8494, 2017 WL 715010, at *3 n.5 (S.D.N.Y. Feb. 22, 2017).

**C.**

In any event, the plaintiff's claims should be dismissed because they fail on the merits. The defendant is entitled to summary judgment dismissing the plaintiff's claims because the plaintiff has failed to establish a prima facie case of gender discrimination or retaliation, and the defendant has adequately demonstrated nondiscriminatory reasons for not granting the plaintiff her desired promotions.

Title VII discrimination claims are analyzed under the burden-shifting framework set forth by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under this test, the plaintiff must first establish a prima facie case of discrimination. Id. at 802. Thus, the plaintiff must show that she (1) was a member of a protected class, (2) was qualified for her job, (3) suffered a materially adverse employment action, and (4) can sustain a minimal burden of showing facts suggesting an inference of discriminatory motivation. Littlejohn, 795 F.3d at 311. If the plaintiff can establish the elements of a prima facie case, the burden of production shifts, and the defendant must put forth a "legitimate, nondiscriminatory reason" for the employer's challenged action. McDonnell Douglas, 411 U.S. at 802. Thereafter, the plaintiff must demonstrate that "the legitimate reasons offered by the defendant were not its true reasons, but

were a pretext for discrimination." <u>Tex. Dep't of Cmty. Affairs</u>
<u>v. Burdine</u>, 450 U.S. 248, 253 (1981); <u>see also</u> <u>Rightnour v.</u>
<u>Tiffany & Co.</u>, 354 F. Supp. 3d 511, 522 (S.D.N.Y. 2019).

The parties in this case do not dispute that the plaintiff
is a member of a protected class; is qualified for her job; or
suffered an adverse employment action, namely, the failure to
obtain the two promotions sought. Instead, the defendant focuses
its motion on the fourth requirement, arguing that the plaintiff
has failed to provide even the minimal support needed for the
proposition that the defendant was motivated by discriminatory
intent.

Even drawing all reasonable inferences against the
defendant and resolving ambiguities in the plaintiff's favor,
the plaintiff has not met the fourth requirement of a <u>prima</u>
<u>facie</u> discrimination case. The plaintiff does not explicitly
address how her failures to obtain the two promotions sought
occurred under circumstances giving rise to an inference of
discrimination. The plaintiff has failed to adduce evidence of
who the decision-makers were for the two promotions she sought
and how they were allegedly influenced by gender discrimination.
None of the parties whom the plaintiff names in her EEOC charges
as having been sexist towards her were in positions to promote
her. <u>See</u> <u>Martin v. State Univ. of N.Y.</u>, 704 F. Supp. 2d 202, 224
(E.D.N.Y. 2010) ("[R]emarks made by someone other than the

person who made the decision adversely affecting the plaintiff may have little tendency to show that the decision-maker was motivated by discriminatory sentiment expressed in the remark."). There is also no evidence beyond the plaintiff's conclusory allegations that Superintendent Martinez, whom she named as one of her alleged discriminators, had any role whatsoever in promotions, such as making recommendations. See id. at 225 (finding that a superior's alleged bias against the plaintiff could not establish a prima facie case of discrimination where the plaintiff provided no evidence about the superior's decision-making responsibilities or influence on her promotion prospects). There is no causal nexus between her non-promotions, on the one hand, and the allegedly sexist and hostile actions that the plaintiff lists in her EEOC charges and recites in her complaint, on the other. Accordingly, these allegedly sexist and hostile actions cannot support a prima facie case of discrimination in this case.

Nor has the plaintiff adduced evidence that someone outside of her protected class received the promotions in her stead. There were 74 vacancies for the PMST role. The plaintiff's allegation that "a male co-worker with less time on the job" than her received the promotion is insufficient given the number of promotions available. Similarly, while the plaintiff contends that a man received the PPDM position, the plaintiff does not

argue that there was only one such position to fill. In fact, the evidence in the record suggests that there was more than one promotion available. In any event, "the minimal information given about who was actually promoted or applied for promotion presents an insurmountable obstacle for [the] plaintiff in proving her case." Martinez v. Connecticut, No. 3:13-cv-00457, 2016 WL 730690, at *5 (D. Conn. Feb. 23, 2016). The plaintiff has failed to establish a prima facie case of discrimination under McDonnell Douglas.

The plaintiff's retaliation claim is similarly unpersuasive. Claims of retaliation under Title VII are analyzed under the same burden-shifting framework of McDonnell Douglas: to establish a prima facie case of retaliation, a plaintiff must demonstrate that (1) she was engaged in a protected activity, (2) the defendant was aware of this activity, (3) the defendant took adverse action against the plaintiff, and (4) a causal connection exists between the protected activity and the adverse action. Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 110 (2d Cir. 2010); Mazyck v. Metro. Transp. Auth., 893 F. Supp. 2d 574, 591 (S.D.N.Y. 2012). To show a causal connection under Title VII, the plaintiff is required to show that her protected activity was the "but for" cause for the alleged retaliatory actions. Univ. of Tex. Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 352 (2013).

In this case, the plaintiff contends that the defendant
retaliated against her for engaging in a protected activity —
presumably, filing charges with the NYSDHR and EEOC and/or
internally with the NYCTA — by failing to promote her. As a
preliminary matter, the defendant disputes whether the plaintiff
has sufficiently established that she engaged in a protected
activity given her failure to explicitly identify what that
activity was. But even assuming that this first factor was
satisfied by her filing either administrative charges with the
EEOC or internal complaints with the NYCTA, that the defendant
was aware of these, and that the defendant took adverse
employment actions against her in failing to promote her, the
plaintiff nonetheless has not established the final element of a
prima facie case. The plaintiff has not demonstrated the
requisite causal connection between the protected activity — her
complaints — and the adverse employment action — the two non-
promotions.

   The only plausible evidence of causation in support of the
plaintiff's claim is the timing of the adverse actions. However,
this evidence is insufficient: too much time elapsed between the
filing of her complaints and the non-promotions. See Avillan v.
Donahoe, No. 13-cv-509, 2015 WL 728169, at *15 (S.D.N.Y. Feb.
19, 2015) ("[C]ourts in this Circuit have consistently held that
a passage of more than two months between the protected activity

and the adverse employment action does not allow for an inference of causation."); Rightnour, 354 F. Supp. 3d at 526–27. At least five months elapsed between the plaintiff's first charge with the EEOC on July 3, 2017, and her rejection from the PMST role — and likely longer than that. Moreover, although the plaintiff does not recall when she was denied the PPDM role for which she applied on September 19, 2018, it is likely that she was not denied the promotion until after the Departmental Evaluation and Recommendation Form was complete on October 8, 2018. Her second charge with the EEOC was filed on July 30, 2018 — over two months before the Form was completed. Therefore, the temporal proximity between the adverse action and the protected activity is insufficiently close even as to the PPDM role. See Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001) (per curiam) ("[T]emporal proximity must be 'very close.'"). The temporal proximity between the internal NYCTA complaints and the non-promotions is even lengthier.

Moreover, the defendant has put forward sufficient nondiscriminatory reasons for its failures to promote the plaintiff. As to both positions, these reasons include the plaintiff's disciplinary record (specifically, the incident that occurred in November 2017 in which the plaintiff was found to have committed gross misconduct), and her number of absences and

21

sick days.[5] The plaintiff admits that a good work record was necessary in order to be selected for both promotions. These reasons are sufficient non-discriminatory and non-retaliatory reasons for the failure to promote the plaintiff. See, e.g., Clark v. Jewish Childcare Ass'n, Inc., 96 F. Supp. 3d 237, 254 (S.D.N.Y. 2015) (noting that disciplinary reports constitute a nondiscriminatory reason for termination); Rosa v. Nat'l Westminster Bank, 842 F. Supp. 679, 693 (E.D.N.Y.), aff'd, 41 F.3d 1501 (2d Cir. 1994) (noting that, failures in basic job requirements, such as poor attendance, constitute legitimate and nondiscriminatory bases for a defendant's failure to promote).[6]

Because the defendant has put forward nondiscriminatory reasons for its actions, the plaintiff must show that the reasons put forward by the defendant were false, and that it was "more likely than not" that discrimination or retaliation was the true reason for the defendant's failure to promote the plaintiff. Weinstock v. Columbia Univ., 224 F.3d 33, 42 (2d Cir.

---

[5] These reasons were specifically cited in the Departmental Evaluation and Recommendation Form associated with her PPDM application. While the defendant has submitted no such Form in connection with the plaintiff's earlier PMST application, the plaintiff's disciplinary incident and number of absences are equally applicable to that failure to promote, given that both the disciplinary incident and absence record also occurred before the first failure to promote.

[6] The defendant also seems to suggest that the plaintiff's poor test scores on her prior civil service exams furnish a nondiscriminatory basis for her non-promotions. But these test scores were unconnected with the promotion applications at issue here; they seem to be connected with earlier promotion attempts.

2000) (quoting <u>Van Zant</u>, 80 F.3d at 714). The plaintiff has failed to respond to the defendant's reasons, let alone carry this burden. Accordingly, the defendant has carried its burden under <u>McDonnell Douglas</u>, and summary judgment is appropriate.

**V.**

The Court has considered all of the arguments of the parties. To the extent not discussed above, the arguments are either moot or without merit.

For the foregoing reasons, the defendant's motion for summary judgment is **granted**. The Clerk is directed to enter judgment dismissing this case. The Clerk is also directed to close all pending motions and to close this case.


**SO ORDERED.**

**Dated:**     **New York, New York**
            **October 8, 2021**

                                        _____
                                              John G. Koeltl
                                     **United States District Judge**